FILED
OCT 1 1 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DHRUV VARMA, SRC-06-183-53578 and VASUCORP, INC.<br>　　　　Plaintiffs.<br><br>v.<br><br>MICHAEL CHERTOFF, Secretary, Department of Homeland Security; and EMILIO T. GONZALEZ, Director, U.S. Citizenship and Immigration Services;<br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Act<br><br>Case: 1:07-cv-01841<br>Assigned To : Friedman, Paul L.<br>Assign. Date : 10/11/2007<br>Description: Admn. Agency Review |

# COMPLAINT FOR WRIT OF MANDAMUS

To the Honorable Judges of Said Court:

**Dhruv Varma, SRC-06-183-53578** ("Varma"), and Vasucorp, Inc. ("Vasucorp"), Plaintiffs in the above-styled and numbered case, and for their cause of action would show the Court the following:

1. This action is brought against the Defendants to compel action on an I-140 Immigrant Petition for Alien Worker for a Multi-national Executive or Manager under INA § 203(b)(1)(C) (the "Petition") filed with the Defendants by Vasucorp on behalf of Varma. The Petition was filed and remains within the jurisdiction of the Defendants, who have improperly withheld action on the Petition to Plaintiffs' detriment.

## JURISDICTION, VENUE

2. This is a civil action brought pursuant to 28 U.S.C. § 1361 and to redress the deprivation of rights, privileges and immunities secured to Plaintiff, by which jurisdiction is conferred, to compel Defendants to perform a duty Defendants owe to Plaintiff.

3. This court also has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as a matter arising under the laws of the United States, and 5 U.S.C. §§ 701 et seq. as an agency action subject to

1

judicial review.

4. Venue is proper under 28 U.S.C. § 1391(e) in that this is an action against officers and agencies of the United States in their official capacities, brought in a District where a Defendant resides. Specifically, both Defendants' headquarter offices are located within the District of Columbia.

5. This action is brought to compel Defendants and those acting under them to rule upon the Petition duly filed with United States Citizenship and Immigration Services ("USCIS") on May 22, 2006 by Vasucorp.

## PARTIES

6. Plaintiff Vasucorp is a corporation incorporated in the State of Delaware in 2004, and an affiliate of Vasu Tech Ltd. ("Vasu Tech"), an Indian corporation which has employed Varma as its Managing Director and Chief Executive Officer ("CEO") since 2001. Vasu Tech has over 100 employees in India and develops semiconductor technology and manufactures industrial controls. Vasucorp, which is Vasu Tech's U.S.-based affiliate, was founded to commercialize and deliver its patented semiconductor technology products and services in the United States and currently has two employees and nine independent contractors, as well as engagements with various entities that provide Vasucorp with technical and marketing support.

7. Plaintiff Dhruv Varma is a forty-five year old male, is a national of India and is the CEO of Vasucorp. Varma's current title is CEO, and his responsibilities and job duties remain functionally equivalent to the job duties since his initial hire date. Varma seeks to enter the United States permanently in order to continue to render his services to Vasucorp in an executive capacity.

8. Defendant, Michael Chertoff, is the Secretary of the Department of Homeland Security ("DHS") of the United States (the "Secretary") and this action is brought against him in his official capacity. He is generally charged with enforcement of the INA, and is further authorized to delegate such powers and authority to subordinate employees of the DHS. INA § 103(a), 8 U.S.C. § 1103(a).

2

The USCIS is an agency within DHS to which the Secretary's authority has in part been delegated, and is subject to the Secretary's supervision.

9. Defendant, Emilio T. Gonzalez, Ph.D., is the Director of the USCIS, and this action is brought against him in his official capacity. He is generally charged with the administration of the benefits conferred by the INA. INA § 103(a), 8 U.S.C. § 1103(a).

10. Defendants are charged by law with the statutory obligation to adjudicate I-140 Petitions.

## EXHAUSTION OF REMEDIES

11. Plaintiffs have exhausted their administrative remedies. Plaintiffs have, through their attorney, made numerous inquiries concerning the status of the Petition to no avail. Plaintiffs have promptly and completely responded to all of Defendants' requests for evidence, purportedly to complete adjudication of the Petition.

## FACTS

12. Varma is the beneficiary of the Petition filed with the Defendants by Vasucorp on behalf of Varma.

13. In 2004, Vasucorp was founded in the United States, as an affiliate company to Vasu Tech, to commercialize its patented semiconductor technology products and services in the United States.

14. Vasucorp filed an I-129 L-1A Intracompany Transferee Executive visa petition on Varma's behalf on December 12, 2005. The case was filed with Premium Processing at USCIS's Vermont Service Center and was approved just two days later on December 14, 2005. This approval granted Varma L-1A status from February 15, 2006 to February 14, 2009.

15. On May 22, 2006, Vasucorp filed an I-140 Immigrant Visa Petition for Alien Worker with the USCIS Texas Service Center on Varma's behalf in the category of Multi-national Executive or

3

Manager (INA § 203(b)(1)(c)). Vasucorp received acknowledgement of USCIS's receipt of this petition on May 25, 2006.

16. On July 5, 2006, USCIS issued a Request for Evidence ("RFE") on the Petition, asking numerous questions related to the relationship between Vasu Tech and Vasucorp, Varma's duties at both companies, and Vasucorp's ability to pay Varma's proffered wage. The RFE required that an evidentiary submission be submitted on or before October 5, 2006.

17. On September 26, 2006, Vasucorp submitted an exhaustive RFE response to the TSC weighing 36 pounds and containing 3,219 pages of documentation. Federal Express confirmed delivery of this RFE submission.

18. On October 10, 2006, the TSC issued a new, identical, RFE letter on the case, despite the fact that Vasucorp had already responded to the earlier, identical RFE.

19. On October 17, 2006, Vasucorp contacted the USCIS Customer Service phone number and was connected to a USCIS officer at the TSC. TSC denied receipt of Vasucorp's response to the original RFE. Vasucorp made several follow up efforts to reach TSC to assist TSC in identifying the location of Vasucorp's initial response to the RFE, all of which went unanswered.

20. Finally, with no resolution apparent, Vasucorp re-filed the entire RFE response again. This time, the filing was recognized by USCIS, and USCIS reflected that they had received the response on January 9, 2007 on their case status web page.

21. The USCIS web page also advised that "you should receive a written decision or written update within 60 days of the date we received your response."

22. As of the date of filing of this Complaint, USCIS has provided no further response on the Petition and has taken no further action.

23. Plaintiffs have no further recourse to compel the Defendants to adjudicate the Petition.

4

24. The Petition has been pending for over 16 months even though the USCIS's own adjudication guidelines call for it to adjudicate the petition in 6 months.

25. Plaintiffs have been forced to retain the services of an attorney to pursue the instant action.

## CLAIMS
### Count 1 – Mandamus
### (against all Defendants)

26. Plaintiffs reallege and incorporate the allegations contained in the foregoing paragraphs 1 through 26 in their entirety as if fully set forth herein.

27. Vasucorp filed the Petition on May 22, 2006. It has been approximately 491 days from the date of Defendants' receipt of the Petition, and Defendants have failed and refused to adjudicate the Petition.

28. Defendants have sufficient information to adjudicate the Petition. Nevertheless, the Petition has not been adjudicated.

29. Defendants' refusal to act in this case is arbitrary and not in accordance with the law. Defendants willfully, and unreasonably, have delayed in and have refused to adjudicate the Petition for over 16 months, thereby depriving Plaintiffs of the right to a decision on the status and the peace of mind to which the Plaintiffs are entitled.

30. Plaintiffs have been damaged by the failure of Defendants to act in accordance with their duties under the law.

31. Defendants have, in violation of the Administrative Procedures Act, 5 U.S.C. §§ 555(b), 701 *et seq.*, unlawfully withheld and/or willfully and unreasonably delayed, and continue to unlawfully withhold and willfully and unreasonably delay, action on the Petition, and have failed to carry out the adjudicative functions delegated to them by law.

32. Plaintiffs have exhausted any administrative remedies that may exist and no other adequate remedy is available.

33. Plaintiffs are clearly entitled to the relief sought herein.

## PRAYER

WHEREFORE, in view of the arguments and authorities noted herein, Plaintiffs respectfully pray that the Court enter an order:

A. Declaring the rights and privileges of the parties, and enter judgment in favor of the Plaintiffs and against the Defendants;

C. Compelling Defendants and those acting under them to perform their duty to adjudicate the Petition;

D. Granting a preliminary injunction to maintain the status quo until the lawsuit can be determined on its merits;

E. Granting attorneys' fees and costs of Court to Plaintiffs under the Equal Access to Justice Act, 28 U.S.C. § 2412; and

F. Granting such other and further relief as this Court deems proper under the circumstances.

Respectfully submitted this 10th day of October, 2007.

R. Scott Oswald, Esq.
DC Bar No. 458859
The Employment Law Group, P.C.
888 17th St. NW, Suite 900
Washington, D.C. 20006

soswald@employmentlawgroup.net
Tel.: 202.261.2806

# CIVIL COVER SHEET

JS-44
(Rev. 1/05 DC)

## I (a) PLAINTIFFS
DHRUV VARMA and VASUCORP, Inc.

88888

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
MICHAEL CHERTOFF, Secretary of Homeland Security and EMILIO T. GONZALEZ, Director of the USCIS

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Washington, DC
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
R. Scott Oswald
The Employment Law Group, P.C.
888 17th Street, NW, Suite 900
Washington, DC 20006
(202) 331-2883

Case: 1:07-cv-01841
Assigned To : Friedman, Paul L.
Assign. Date : 10/11/2007
Description: Admn. Agency Review

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
◉ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

◉ **C. Administrative Agency Review**
☐ 151 Medicare Act
Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**  OR  ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⦿ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C. § 1361 - Redress the deprivation of rights secured to Plaintiff, compel Defendants to perform a duty Defendants owe.

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☐   If yes, please complete related case form.

DATE 10/10/2007   SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.