UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DHRUV VARMA, SRC-06-183-53578 )<br>121 Del Monte Avenue )<br>Los Altos, CA 94022 )<br> )<br>and )<br> )<br>VASUCORP, INC. )<br>2350 Mission College Blvd., Suite 500 )<br>Santa Clara, CA 95054 )<br>        Plaintiffs. )<br> )<br>v. )<br> )<br>MICHAEL CHERTOFF, Secretary, )<br>Department of Homeland Security; and )<br>EMILIO T. GONZALEZ, Director, )<br>U.S. Citizenship and Immigration Services; )<br>        Defendants. )<br> ) | Civil Action No. 07 1841-PLF |

## COMPLAINT FOR WRIT OF MANDAMUS

**To the Honorable Judges of Said Court:**

**Dhruv Varma, SRC-06-183-53578** ("Varma"), and Vasucorp, Inc. ("Vasucorp"), Plaintiffs in the above-styled and numbered case, and for their cause of action would show the Court the following:

1. This action is brought against the Defendants to compel action on an I-140 Immigrant Petition for Alien Worker for a Multi-national Executive or Manager under INA § 203(b)(1)(C) (the "Petition") filed with the Defendants by Vasucorp on behalf of Varma. The Petition was filed and remains within the jurisdiction of the Defendants, who have improperly withheld action on the Petition to Plaintiffs' detriment.

### JURISDICTION, VENUE

2. This is a civil action brought pursuant to 28 U.S.C. § 1361 and to redress the deprivation

of rights, privileges and immunities secured to Plaintiff, by which jurisdiction is conferred, to compel Defendants to perform a duty Defendants owe to Plaintiff.

3.  This court also has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as a matter arising under the laws of the United States, and 5 U.S.C. §§ 701 et seq. as an agency action subject to judicial review.

4.  Venue is proper under 28 U.S.C. § 1391(e) in that this is an action against officers and agencies of the United States in their official capacities, brought in a District where a Defendant resides. Specifically, both Defendants' headquarter offices are located within the District of Columbia.

5.  This action is brought to compel Defendants and those acting under them to rule upon the Petition duly filed with United States Citizenship and Immigration Services ("USCIS") on May 22, 2006 by Vasucorp.

## PARTIES

6.  Plaintiff Vasucorp is a corporation incorporated in the State of Delaware in 2004, and an affiliate of Vasu Tech Ltd. ("Vasu Tech"), an Indian corporation which has employed Varma as its Managing Director and Chief Executive Officer ("CEO") since 2001. Vasu Tech has over 100 employees in India and develops semiconductor technology and manufactures industrial controls. Vasucorp, which is Vasu Tech's U.S.-based affiliate, was founded to commercialize and deliver its patented semiconductor technology products and services in the United States and currently has two employees and nine independent contractors, as well as engagements with various entities that provide Vasucorp with technical and marketing support.

7.  Plaintiff Dhruv Varma is a forty-five year old male, is a national of India and is the CEO of Vasucorp. Varma's current title is CEO, and his responsibilities and job duties remain functionally equivalent to the job duties since his initial hire date. Varma seeks to enter the United States permanently in order to continue to render his services to Vasucorp in an executive capacity.

8. Defendant, Michael Chertoff, is the Secretary of the Department of Homeland Security ("DHS") of the United States (the "Secretary") and this action is brought against him in his official capacity. He is generally charged with enforcement of the INA, and is further authorized to delegate such powers and authority to subordinate employees of the DHS. INA § 103(a), 8 U.S.C. § 1103(a). The USCIS is an agency within DHS to which the Secretary's authority has in part been delegated, and is subject to the Secretary's supervision.

9. Defendant, Emilio T. Gonzalez, Ph.D., is the Director of the USCIS, and this action is brought against him in his official capacity. He is generally charged with the administration of the benefits conferred by the INA. INA § 103(a), 8 U.S.C. § 1103(a).

10. Defendants are charged by law with the statutory obligation to adjudicate I-140 Petitions.

## EXHAUSTION OF REMEDIES

11. Plaintiffs have exhausted their administrative remedies. Plaintiffs have, through their attorney, made numerous inquiries concerning the status of the Petition to no avail. Plaintiffs have promptly and completely responded to all of Defendants' requests for evidence, purportedly to complete adjudication of the Petition.

## FACTS

12. Varma is the beneficiary of the Petition filed with the Defendants by Vasucorp on behalf of Varma.

13. In 2004, Vasucorp was founded in the United States, as an affiliate company to Vasu Tech, to commercialize its patented semiconductor technology products and services in the United States.

14. Vasucorp filed an I-129 L-1A Intracompany Transferee Executive visa petition on Varma's behalf on December 12, 2005. The case was filed with Premium Processing at USCIS's Vermont Service Center and was approved just two days later on December 14, 2005. This approval

3

granted Varma L-1A status from February 15, 2006 to February 14, 2009.

15. On May 22, 2006, Vasucorp filed an I-140 Immigrant Visa Petition for Alien Worker with the USCIS Texas Service Center on Varma's behalf in the category of Multi-national Executive or Manager (INA § 203(b)(1)(c)). Vasucorp received acknowledgement of USCIS's receipt of this petition on May 25, 2006.

16. On July 5, 2006, USCIS issued a Request for Evidence ("RFE") on the Petition, asking numerous questions related to the relationship between Vasu Tech and Vasucorp, Varma's duties at both companies, and Vasucorp's ability to pay Varma's proffered wage. The RFE required that an evidentiary submission be submitted on or before October 5, 2006.

17. On September 26, 2006, Vasucorp submitted an exhaustive RFE response to the TSC weighing 36 pounds and containing 3,219 pages of documentation. Federal Express confirmed delivery of this RFE submission.

18. On October 10, 2006, the TSC issued a new, identical, RFE letter on the case, despite the fact that Vasucorp had already responded to the earlier, identical RFE.

19. On October 17, 2006, Vasucorp contacted the USCIS Customer Service phone number and was connected to a USCIS officer at the TSC. TSC denied receipt of Vasucorp's response to the original RFE. Vasucorp made several follow up efforts to reach TSC to assist TSC in identifying the location of Vasucorp's initial response to the RFE, all of which went unanswered.

20. Finally, with no resolution apparent, Vasucorp re-filed the entire RFE response again. This time, the filing was recognized by USCIS, and USCIS reflected that they had received the response on January 9, 2007 on their case status web page.

21. The USCIS web page also advised that "you should receive a written decision or written update within 60 days of the date we received your response."

22.  As of the date of filing of this Complaint, USCIS has provided no further response on the Petition and has taken no further action.

23.  Plaintiffs have no further recourse to compel the Defendants to adjudicate the Petition.

24.  The Petition has been pending for over 16 months even though the USCIS's own adjudication guidelines call for it to adjudicate the petition in 6 months.

25.  Plaintiffs have been forced to retain the services of an attorney to pursue the instant action.

## CLAIMS
### Count 1 – Mandamus
### (against all Defendants)

26.  Plaintiffs reallege and incorporate the allegations contained in the foregoing paragraphs 1 through 26 in their entirety as if fully set forth herein.

27.  Vasucorp filed the Petition on May 22, 2006.  It has been approximately 491 days from the date of Defendants' receipt of the Petition, and Defendants have failed and refused to adjudicate the Petition.

28.  Defendants have sufficient information to adjudicate the Petition.  Nevertheless, the Petition has not been adjudicated.

29.  Defendants' refusal to act in this case is arbitrary and not in accordance with the law. Defendants willfully, and unreasonably, have delayed in and have refused to adjudicate the Petition for over 16 months, thereby depriving Plaintiffs of the right to a decision on the status and the peace of mind to which the Plaintiffs are entitled.

30.  Plaintiffs have been damaged by the failure of Defendants to act in accordance with their duties under the law.

31.  Defendants have, in violation of the Administrative Procedures Act, 5 U.S.C. §§ 555(b),

701 *et seq.*, unlawfully withheld and/or willfully and unreasonably delayed, and continue to unlawfully withhold and willfully and unreasonably delay, action on the Petition, and have failed to carry out the adjudicative functions delegated to them by law.

32. Plaintiffs have exhausted any administrative remedies that may exist and no other adequate remedy is available.

33. Plaintiffs are clearly entitled to the relief sought herein.

## PRAYER

WHEREFORE, in view of the arguments and authorities noted herein, Plaintiffs respectfully pray that the Court enter an order:

A. Declaring the rights and privileges of the parties, and enter judgment in favor of the Plaintiffs and against the Defendants;

C. Compelling Defendants and those acting under them to perform their duty to adjudicate the Petition;

D. Granting a preliminary injunction to maintain the status quo until the lawsuit can be determined on its merits;

E. Granting attorneys' fees and costs of Court to Plaintiffs under the Equal Access to Justice Act, 28 U.S.C. § 2412; and

F. Granting such other and further relief as this Court deems proper under the circumstances.

Respectfully submitted this 17TH day of October, 2007.

_____
R. Scott Oswald, Esq.

DC Bar No. 458859
The Employment Law Group, P.C.
888 17th St. NW, Suite 900
Washington, D.C. 20006

soswald@employmentlawgroup.net
Tel.: 202.261.2806